## 615

### In re BERLEY.
### No. 38821.

District Court, E. D. New York.
July 9, 1941.

Kamen & Ostertag, of New York City, for E. B. Latham Co. creditor.

Edward G. Baker, of St. George, S. I., N. Y., for bankrupt.

ABRUZZO, District Judge.

This is a motion for an order to review the order of Ernest V. Frerichs, Referee in Bankruptcy, dated April 28, 1941, granting this bankrupt his discharge in bankruptcy.

 The decision of the Referee cannot be confirmed and his order must be vacated.

On November 20, 1936, the bankrupt applied for a personal loan, which was granted. The application is in the handwriting of the bankrupt and contained the following:

| "Real Estate Cost | Location | Title in Name of |
|---|---|---|
| $8500 | 250 Pelton Avenue | " |

It developed that the bankrupt never owned this property or ever had an interest therein, it being owned by the wife of the bankrupt. In making out subsequent applications for loans, the bankrupt set forth ownership of this property.

He now seeks to explain the application of November 20, 1936, by stating that he did not fill in the space under "Title in the Name of", and had only mentioned the property because under the mortgage secured by his wife he was on the bond.

The trustee, as do the creditors who filed the specifications of objections, does not feel that this explanation is tenable; especially in view of the fact that in three or four other applications made thereafter, the bankrupt claimed ownership of the property.

The bankrupt claims that he never made claim to the ownership of the property in question and that the handwriting with respect to the answers to the questions on the applications was not his own.

There is no doubt that the bankrupt fully intended, in his applications for loans, to leave the impression that he owned the property in order to have a partial basis of credit for the obtaining of these loans. The burden of proving the right to a discharge in bankruptcy is upon the bankrupt. It is evident that this burden has not been sustained. The bankrupt is guilty of fraud and concealment and his discharge should be denied. The order of the Referee is vacated.

Settle order on notice.